UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JERMAIN JAMES, MICHAEL LAWTON, :
QUAMIEK ROBINSON, SHAQUASIA :
SANDERS, ALLEN JOHNSON, ASHLEY :
JOHNSON, CAROLYN JOHNSON, : **ORDER**
WILLIAM SMITH, :
: 15 Civ. 1161 (SLT) (VMS)
Plaintiffs, :
:
-against- :
:
THE CITY OF NEW YORK, DETECTIVE :
GABRIEL NACELEWICZ, Shield #6511, :
POLICE OFFICER JOHN/JANE DOE(S) 1- :
10, :
:
Defendants. :
-------------------------------------------------------x

**VERA M. SCANLON, United States Magistrate Judge:**

Plaintiffs bring this action pursuant to, inter alia, 42 U.S.C. § 1983, alleging violations of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Plaintiffs are represented by David A. Zelman, Esq. ("Mr. Zelman") of the Law Office of David A. Zelman. Plaintiffs move for leave to proceed in forma pauperis. Mots. to Proceed In Forma Pauperis ("IFP Mots."), ECF Nos. 2-9. For the reasons stated herein, Plaintiffs' motions to proceed in forma pauperis are **granted**.

Under 28 U.S.C. § 1915, the Court may waive the $400.00 filing fee to commence a civil action upon finding that the plaintiff is indigent. See 28 U.S.C. §§ 1914-1915. The determination of whether a plaintiff qualifies for in forma pauperis status is within the discretion of the district court. See DiGianni v. Pearson Educ., No. 10 Civ. 206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010). In this case, Plaintiffs filed applications, under penalty of perjury,

1

attesting to their income, savings, expenses[1] and debts. See IFP Mots. Some of the plaintiffs had no income or savings. See, e.g., ECF Nos. 2, 6, 8. Mr. Quamiek Robinson, the plaintiff with the highest earnings, received take-home wages of $1,136.00 per month and had no savings; he also had no expenses. ECF No. 7. Ms. Ashley Johnson, the plaintiff with the highest savings, received take-home wages of $600.00 per month, had $3,000.00 in savings and had expenses of $200.00 per month. ECF No. 4. Ms. Carolyn Johnson, the plaintiff receiving the highest benefits, received $887.00 per month in Social Security benefits, but she had only $24.00 in savings and also paid $550.00 per month in expenses. ECF No. 5.

This case presents unusual circumstances, in that the Plaintiffs seeking in forma pauperis status are also represented by counsel. According to Mr. Zelman, his office "was retained on a contingency basis by all [P]laintiffs and [P]laintiffs were not required to pay anything to [his office] at the outset of this litigation." Letter, ECF No. 13. Mr. Zelman has not explained whether Plaintiffs will be required to contribute towards litigation costs during the pendency of the litigation.

"[A]ttorneys practicing on a contingent fee basis in this district routinely file cases on behalf of indigent plaintiffs without seeking to proceed in forma pauperis and thereby having the filing fee waived." Vargas v. CH Hospitality Mgmt., LLC, No. 14 Civ. 2439 (ENV) (JO), 2014 WL 2930462, at *4 (E.D.N.Y. June 27, 2014) (explaining and reiterating an electronic docket order denying the request of a represented litigant to proceed in forma pauperis where he had "not satisfactorily demonstrated that the enforcement of the fee requirement in this case w[ould] impair his ability to prosecute his claims"). Several courts in this Circuit have concluded that "an in forma pauperis application ordinarily should not be granted in a contingency fee context."

---

[1] Expenses include housing, transportation, utilities, loan payments, other regular monthly expenses, and contributions to the support of dependents.

2

Fodelmesi v. Schepplerly, 944 F. Supp. 285, 286 (S.D.N.Y. 1996) (granting in forma pauperis status for purposes of an appeal based on "unique" circumstances involving an eight-year litigation and "transfers for which plaintiffs and their counsel bear no responsibility and yet which resulted in increased out-of-pocket expenses that plaintiffs' counsel reasonably may not have foreseen when he undertook the representation, thus making his reluctance to proceed further to advance out-of-pocket expenses something of a special case"); see Vargas, 2014 WL 2930462, at *1 (quoting Fodelmesi); Walker, No. 12 Civ. 840 (MKB) (RLM), 2012 WL 6563044, at *1, *3 n.3 (E.D.N.Y. Dec. 17, 2012) (quoting Fodelmesi; on a motion for reconsideration, affirming a denial of a request for in forma pauperis status by a plaintiff represented by Mr. Zelman).

On the other hand, at least one court in this District has concluded that in forma pauperis status "may not be denied on the basis of a contingency fee arrangement with counsel," Schwartz v. Bethel, No. 13 Civ. 2209 (FB) (JMA) (E.D.N.Y. Sept. 25, 2013) (ECF No. 13), because 28 U.S.C. § 1915 "'is intended to guarantee that no citizen shall be denied an opportunity to commence . . . an action . . . solely because his poverty makes it impossible for him to pay or secure the costs.'" Schwartz, No. 13 Civ. 2209 (FB) (JMA) (E.D.N.Y. Sept. 25, 2013) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)).

On review, the particular circumstances of this case warrant granting the motions for in forma pauperis status. Having reviewed Plaintiffs' submissions, even considering that the filing fee could be split amongst the eight Plaintiffs, the Court finds that their financial circumstances qualify them to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Furthermore, the involvement of eight Plaintiffs, some of whom required medical treatment that they attribute to Defendants' actions, suggests that the litigation costs in this action

will be substantial. To the extent the filing fee may be an obstacle in this case to obtaining representation by counsel and commencing the litigation, the Court will permit Plaintiffs to proceed in forma pauperis, on the condition that should they receive any monetary settlement or award equal to or greater than the $400.00 filing fee, that fee must be paid to the Court within fifteen days of the receipt of the settlement or award. In addition, the payment of the filing fee to the Court must be included as a condition to any settlement agreement.

This arrangement balances the Court's and the public's interest in obtaining filing fees, which "are an important source of some of the funds that enable the judiciary to fulfill its constitutionally prescribed duties to all litigants and to the public," Vargas, 2014 WL 2930462, at *4, with the Court's and the public's interest in guaranteeing access to justice irrespective of a litigant's financial means.

In addition, 28 U.S.C. § 1915(d) requires that when a plaintiff proceeds in forma pauperis, an "officer of the court shall . . . serve all process" on the plaintiff's behalf. 28 U.S.C. § 1915(d) (emphasis added). It is well-recognized that an attorney is "an officer of the court." Maracich v. Spears, 133 S. Ct. 2191, 2201-02 (2013) (describing an attorney as an officer of the court in the context of the attorney's "professional responsibilities" and the "proper conduct of litigation"). Federal Rule of Civil Procedure ("Rule") 4 further explains that "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. §1915 . . . ." Fed. R. Civ. P. 4(c)(3).

The Court declines to order the United States Marshals Service to effect service on Defendants. Rather, the Court appoints Mr. Zelman, as an officer of the Court, to effect service.[2]

---

[2] The Court permits Mr. Zelman to hire a process server, but the costs may not be billed to the

See Vargas, No. 14 Civ. 2439 (ENV) (JO) (E.D.N.Y. June 20, 2014) (ECF No. 5) (directing "the plaintiff's counsel of record to show cause by June 27, 2014, why, if the motion [for in forma pauperis status] is granted, [the court] should not appoint her to serve process on each defendant"; later denying the motion for in forma pauperis status by Orders dated June 24 and 27, 2014).

In summary, Plaintiffs' motions to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 are **granted**. Should this action lead to a monetary settlement or award in an amount equal to or greater than the filing fee, Plaintiffs must, within fifteen days of the receipt of the settlement or award, reimburse the $400.00 filing fee to the Clerk of Court. In addition, Mr. Zelman is appointed to effect service on Defendants.

**SO ORDERED.**

Dated: Brooklyn, New York
March 20, 2015

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge

---

Plaintiffs unless they receive a monetary settlement or award that, after repayment of the filing fee, is equal to or greater than the cost of the process server. To the extent the process server's fee will be billed to Plaintiffs, it must be included as a condition of any settlement agreement.