UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

JERMAIN JAMES, ALLEN JOHNSON,
ASHLEY JOHNSON, CAROLYN JOHNSON
MICHAEL LAWTON, QUAMIEK ROBINSON
SHAQUASIA SANDERS, and WILLIAM SMITH

                             Plaintiffs,           **AMENDED COMPLAINT**

   -against-                                PLAINTIFFS DEMAND
                                               TRIAL BY JURY
THE CITY OF NEW YORK, DETECTIVE GABRIEL
NACELEWICZ, SHIELD #6511, CAPTAIN FERNANDO
GUIMARES, SERGEANT OMAR COLON, DETECTIVE
JOESPH FERNANDEZ SHIELD #1815, DETECTIVE
JOHN MCHUGH SHIELD #581, DETECTIVE FNU SANTANA,
DETECTIVE KARANLALL BRIJBUKHAN, SHIELD #660,   Case No. 15-cv-1161
POLICE OFFICER SEAN GILLESPIE, SHIELD #2626,
POLICE OFFICER JOHN PAUL CATANO, SHIELD #20210,
POLICE OFFICER JUNER CEVALLOS, SHIELD #4590,
DETECTIVE EMERAH ATES, SHIELD # 257, DETECTIVE
DMAINE FREELAND, SHIELD #461, POLICE OFFICER FNU
BLAKE, POLICE OFFICERS JOHN/JANE DOE(S) #s 1-10,

                           Defendants.
_____X

       JERMAIN JAMES, ALLEN JOHNSON, ASHLEY JOHNSON, CAROLYN JOHNSON,

MICHAEL LAWTON, QUAMIEK ROBINSON, SHAQUASIA SANDERS, and WILLIAM

SMITH, by their attorney DAVID A. ZELMAN, ESQ., for their COMPLAINT, allege upon

information and belief, as follows:

### I. PRELIMINARY STATEMENT

1.    This is a civil rights action in which JERMAIN JAMES, ALLEN JOHNSON, ASHLEY

       JOHNSON, CAROLYN JOHNSON, MICHAEL LAWTON, QUAMIEK ROBINSON,

       SHAQUASIA SANDERS, and WILLIAM SMITH, (hereinafter "Plaintiffs") seek

       damages to redress the deprivation, under color of state law, of rights secured to them

       under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

1

On or about March 12, 2014, at approximately 7:30 P.M., NY, Plaintiffs were falsely arrested and illegally searched by Defendants, including, but not limited to, DETECTIVE GABRIEL NACELEWICZ, Shield #6511 and POLICE OFFICERS JANE/JOHN DOE(S) (hereinafter "Defendants"). It is alleged that Defendants falsely arrested Plaintiffs and maliciously and without probable cause charged them with criminal offenses related to a controlled substance. As a result of the violation of their constitutional rights, Plaintiffs suffered mental and emotional injuries.

## II. JURISDICTION

2.  Jurisdiction is conferred upon this Court by 28 U.S.C. § 1343(3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. § 1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States.

## III. PARTIES

3.  JERMAIN JAMES (hereinafter "JAMES") at all times relevant hereto resided in Kings County, New York.

4.  ALLEN JOHNSON (hereinafter "ALLEN") at all times relevant hereto resided in Kings County, New York.

5.  ASHLEY JOHNSON (hereinafter "ASHLEY") at all times relevant hereto resided in Kings County, New York.

6.  CAROLYN JOHNSON (hereinafter "CAROLYN") at all times relevant hereto resided in Kings County, New York.

7.  MICHAEL LAWTON (hereinafter "LAWTON") at all times relevant hereto resided in Kings County, New York.

8.     QUAMIEK ROBINSON (hereinafter "ROBINSON") at all times relevant hereto resided in Kings County, New York.

9.     SHAQUASIA SANDERS (hereinafter "SANDERS") at all times relevant hereto resided in Kings County, New York.

10.    WILLIAM SMITH (hereinafter "SMITH") at all times relevant hereto resided in Kings County, New York.

11.    Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

12.    Defendant DETECTIVE GABRIEL NACELEWICZ, Shield #6511 (hereinafter "NACELEWICZ") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. NACELEWICZ is sued in his official and individual capacity.

13.    Defendant CAPTAIN FERNANDO GUIMARES (hereinafter "GUIMARES") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. GUIMARES is sued in his official and individual capacity.

14.    Defendant SERGEANT OMAR COLON (hereinafter "COLON") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. COLON is sued in his official and individual capacity.

3

15.     Defendant DETECTIVE JOESPH FERNANDEZ, Shield #1815 (hereinafter
        "FERNANDEZ") was an NYPD police officer, and at all times relevant hereto, acted in
        that capacity as agent, servant, and/or employee of Defendant CITY and within the scope
        of his employment. FERNANDEZ is sued in his official and individual capacity.

16.     Defendant DETECTIVE JOHN MCHUGH, Shield #581 (hereinafter "MCHUGH") was
        an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent,
        servant, and/or employee of Defendant CITY and within the scope of his employment.
        MCHUGH is sued in his official and individual capacity.

17.     Defendant DETECTIVE FNU SANTANA (hereinafter "SANTANA") was an NYPD
        police officer, and at all times relevant hereto, acted in that capacity as agent, servant,
        and/or employee of Defendant CITY and within the scope of his employment.
        SANTANA is sued in his official and individual capacity.

18.     Defendant DETECTIVE KARANLALL BRIJBUKHAN, Shield #660 (hereinafter
        "BRIJBUKHAN") was an NYPD police officer, and at all times relevant hereto, acted in
        that capacity as agent, servant, and/or employee of Defendant CITY and within the scope
        of his employment. BRIJBUKHAN is sued in his official and individual capacity.

19.     Defendant POLICE OFFICER SEAN GILLESPIE, Shield #2626 (hereinafter
        "GILLESPIE") was an NYPD police officer, and at all times relevant hereto, acted in that
        capacity as agent, servant, and/or employee of Defendant CITY and within the scope of
        his employment. GILLESPIE is sued in his official and individual capacity.

20.     Defendant POLICE OFFICER JOHN PAUL CATANO, Shield #20210 (hereinafter
        "CATANO") was an NYPD police officer, and at all times relevant hereto, acted in that

capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. CATANO is sued in his official and individual capacity.

21.     Defendant POLICE OFFICER JUNER CEVALLOS, Shield #4590 (hereinafter "CEVALLOS") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. CEVALLOS is sued in his official and individual capacity.

22.     Defendant DETECTIVE EMERAH ATES, Shield #257 (hereinafter "ATES") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. ATES is sued in his official and individual capacity.

23.     Defendant DETECTIVE DMAINE FREELAND, Shield #461 (hereinafter "FREELAND") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. FREELAND is sued in his official and individual capacity.

24.     Defendant POLICE OFFICER FNU BLAKE, Shield #461 (hereinafter "BLAKE") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. BLAKE is sued in his official and individual capacity.

25.     Defendants POLICE OFFICERS JANE/JOHN DOE(S) (hereinafter "DOE(S)") were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment. DOE(S) are sued in their official and individual capacity.

26.    At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

IV. <u>FACTS</u>

27.    On or about March 12, 2014, at approximately 7:30 P.M., Plaintiffs were present at CAROLYN's apartment in Brooklyn, NY.

28.    Defendant Police Officers, including but not limited to NACELEWICZ, entered the apartment and arrested Plaintiffs, using excessive force.

29.    Plaintiffs were detained in the apartment for approximately half an hour before being escorted to the hallway.

30.    JAMES, ALLEN, LAWTON, ROBINSON, and SMITH were strip searched inside the apartment.

31.    That heretofore and on or about the 14th day of May, 2014, Plaintiffs' Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of PLAINITFFS, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

32.   That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

Jermain James

33.   JAMES was transported to the 75th Precinct.

34.   Upon information and belief, JAMES was held at the 75th Precinct for approximately seven hours, before being transported to Central Booking.

35.   Upon information and belief, JAMES was held at Central Booking for approximately twelve hours, prior to arraignment.

36.   JAMES was charged with two charges of Criminal Use of Drug Paraphernalia in the second degree (PL 220.50(2) and (3)), Criminal Possession of a Controlled Substance in the seventh degree (PL 220.03), Criminal Possession of a Controlled Substance in the Criminal Possession of Marihuana in the fourth degree (PL 221.15), and Unlawful Possession of Marihuana (PL 221.05).

37.   Upon information and belief, JAMES was required to appear in court approximately two times before receiving an Adjournment in Contemplation of Dismissal on or about May 12, 2014.

Allen Johnson

38.   Defendant Officers, while in the apartment, caused damage to ALLEN's property.

39.   ALLEN was transported to the 75th Precinct.

40.   Upon information and belief, ALLEN was held at the 75th Precinct for several hours, before being transported to Central Booking.

41.     Upon information and belief, ALLEN was held at Central Booking for several hours, prior to arraignment.

42.     ALLEN was charged with two charges of Criminal Use of Drug Paraphernalia in the second degree (PL 220.50(2) and (3)), Criminal Possession of a Controlled Substance in the seventh degree (PL 220.03), Criminal Possession of a Controlled Substance in the Criminal Possession of Marihuana in the fourth degree (PL 221.15), and Unlawful Possession of Marihuana (PL 221.05).

43.     Upon information and belief, ALLEN was required to appear in court approximately four times prior to the case being dismissed.

Ashley Johnson

44.     Defendant Officers, while in the apartment, caused damage to ASHLEY's property.

45.     ASHLEY was transported to the 75th Precinct.

46.     Upon information and belief, ASHLEY was held at the 75th Precinct for approximately four hours, before being transported to Central Booking.

47.     Upon information and belief, ASHLEY was held at Central Booking for approximately seven hours, prior to arraignment.

48.     ASHLEY was charged with two charges of Criminal Use of Drug Paraphernalia in the second degree (PL 220.50(2) and (3)), Criminal Possession of a Controlled Substance in the seventh degree (PL 220.03), Criminal Possession of a Controlled Substance in the Criminal Possession of Marihuana in the fourth degree (PL 221.15), and Unlawful Possession of Marihuana (PL 221.05).

49.     Upon information and belief, ASHLEY was required to appear in court approximately four times prior to the case being dismissed

Carolyn Johnson

50.   Defendant Officers, while in the apartment, caused damage to CAROLYN's property.

51.   CAROLYN was transported to the 75th Precinct.

52.   Upon information and belief, CAROLYN was held at the 75th Precinct for several hours, before being transported to Central Booking.

53.   Upon information and belief, CAROLYN was held at Central Booking for several hours, prior to arraignment.

54.   CAROLYN was charged with two charges of Criminal Use of Drug Paraphernalia in the second degree (PL 220.50(2) and (3)), Criminal Possession of a Controlled Substance in the seventh degree (PL 220.03), Criminal Possession of a Controlled Substance in the Criminal Possession of Marihuana in the fourth degree (PL 221.15), and Unlawful Possession of Marihuana (PL 221.05).

55.   Upon information and belief, CAROLYN was required to appear in court approximately four times prior to the case being dismissed.

Michael Lawton

56.   LAWTON was assaulted by defendants, causing injuries including but not limited to his chest and abdomen.

57.   As a result of said injuries, LAWTON required treatment at Kings County Medical Center.

58.   LAWTON was transported to the 75th Precinct.

59.   Upon information and belief, LAWTON was held at the 75th Precinct for approximately three hours, before being transported to Central Booking.

9

60.  Upon information and belief, LAWTON was held at Central Booking for approximately ten hours, prior to arraignment.

61.  LAWTON was charged with two charges of Criminal Use of Drug Paraphernalia in the second degree (PL 220.50(2) and (3)), Criminal Possession of a Controlled Substance in the seventh degree (PL 220.03), Criminal Possession of a Controlled Substance in the Criminal Possession of Marihuana in the fourth degree (PL 221.15), and Unlawful Possession of Marihuana (PL 221.05).

62.  Upon information and belief, LAWTON was required to appear in court approximately two times before receiving an Adjournment in Contemplation of Dismissal on or about May 12, 2014.

Quamiek Robinson

63.  ROBINSON was assaulted by defendants, causing injuries including but not limited to his hand.

64.  As a result of said injuries, ROBINSON required treatment at Woodhull Medical Center.

65.  ROBINSON was transported to the 75th Precinct.

66.  Upon information and belief, ROBINSON was held at the 75th Precinct for approximately two hours, before being transported to Central Booking.

67.  Upon information and belief, ROBINSON was held at Central Booking for approximately ten hours, prior to arraignment.

68.  ROBINSON was charged with two charges of Criminal Use of Drug Paraphernalia in the second degree (PL 220.50(2) and (3)), Criminal Possession of a Controlled Substance in the seventh degree (PL 220.03), Criminal Possession of a Controlled Substance in the

Criminal Possession of Marihuana in the fourth degree (PL 221.15), Unlawful Possession

of Marihuana (PL 221.05), and Resisting Arrest (PL 205.30)

69.     Upon information and belief, ROBINSON received an Adjournment in Contemplation of

Dismissal at arraignment.

<u>Shaquasia Sanders</u>

70.     SANDERS was transported to the 75th Precinct.

71.     Upon information and belief, SANDERS was held at the 75th Precinct for approximately

two hours, before being transported to Central Booking.

72.     Upon information and belief, SANDERS was held at Central Booking for approximately

24 hours, prior to arraignment.

73.     Upon information and belief, SANDERS was charged with two charges of Criminal Use

of Drug Paraphernalia in the second degree (PL 220.50(2) and (3)), Criminal Possession

of a Controlled Substance in the seventh degree (PL 220.03), Criminal Possession of a

Controlled Substance in the Criminal Possession of Marihuana in the fourth degree (PL

221.15), and Unlawful Possession of Marihuana (PL 221.05).

74.     Upon information and belief, SANDERS received an Adjournment in Contemplation of

Dismissal at arraignment.

<u>William Smith</u>

75.     SMITH was assaulted by defendants, causing injuries including but not limited to his

back.

76.     Additionally, SMITH was forced by Defendant Officers to go outside without a coat,

despite informing Defendants that he had sickle cell anemia.

77.     As a result of said injuries, SMITH required treatment at Brookdale Medical Center.

11

78.   Upon information and belief, SMITH was held at the 75th Precinct for approximately

seven hours, before being transported to Central Booking.

79.   Upon information and belief, SMITH was held at Central Booking for approximately

fifteen hours, prior to arraignment.

80.   Upon information and belief, SMITH was charged with two charges of Criminal Use of

Drug Paraphernalia in the second degree (PL 220.50(2) and (3)), Criminal Possession of

a Controlled Substance in the seventh degree (PL 220.03), Criminal Possession of a

Controlled Substance in the Criminal Possession of Marihuana in the fourth degree (PL

221.15), and Unlawful Possession of Marihuana (PL 221.05).

81.   Upon information and belief, SMITH was required to appear in court -approximately 3

times before receiving an Adjournment in Contemplation of Dismissal on or about June

24, 2014.

V. FIRST CAUSE OF ACTION
Pursuant to § 1983 (FALSE ARREST)

82.   Paragraphs 1 through 81 of this complaint are hereby realleged and incorporated by

reference herein.

83.   That Defendants had neither valid evidence for the arrest of Plaintiffs nor legal cause or

excuse to seize and detain them.

84.   That in detaining Plaintiffs without a fair and reliable determination of probable cause,

Defendant CITY abused its power and authority as a policymaker of the NYPD under the

color of State and/or local law. It is alleged that CITY, via their agents, servants and

employees routinely charged persons with crimes they did not commit. Plaintiffs were

but some of those persons.

85.     Upon information and belief, it was the policy and/or custom of Defendant CITY to
        inadequately supervise and train its officers, staff, agents and employees, thereby failing
        to adequately discourage further constitutional violations on the part of their officers,
        staff, agents and employees.

86.     As a result of the above described  policies and customs, the officers, staff, agents and
        employees of Defendant CITY believed that their actions would not be properly
        monitored by supervisory officers and that misconduct would not be investigated or
        sanctioned, but would be tolerated.  In addition, the City of New York had and has a
        policy, custom, and/or practice of detaining persons for an excessive period of time prior
        to arraignment.

87.     The above described policies and customs demonstrated a deliberate indifference on the
        part of the policymakers of the CITY to the constitutional rights of arrestees and were the
        cause of the violations of Plaintiffs' rights alleged herein.

88.     By reason of Defendants acts and omissions, Defendant CITY, acting under color of state
        law and within the scope of its authority, in gross and wanton disregard of Plaintiffs'
        rights, subjected Plaintiffs to an unlawful detention, in violation of the Fourth and
        Fourteenth Amendments of the United States Constitution and the laws of the State of
        New York.

89.     By reason of the foregoing, Plaintiffs suffered physical injuries, mental injuries,
        deprivation of liberty and privacy, terror, humiliation, damage to reputation and other
        psychological injuries.  All of said injuries may be permanent.

VI.  SECOND CAUSE OF ACTION
Pursuant to State Law (FALSE ARREST)

90.     Paragraphs 1 through 89 are hereby realleged and incorporated by reference herein.

13

91.    That the seizure, detention and imprisonment of Plaintiffs was unlawful in that Defendants had no probable cause to detain, arrest and/or imprison them.

92.    That Defendants intended to confine Plaintiffs.

93.    That Plaintiffs were conscious of the confinement and did not consent to it.

94.    That the confinement was not otherwise privileged.

95.    By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of Plaintiffs' rights, deprived them of their liberty when they subjected them to an unlawful, illegal and excessive detention, in violation of State law.

96.    That by reason of the foregoing, Plaintiffs suffered physical injuries, mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries.  All of said injuries may be permanent.

VII. THIRD CAUSE OF ACTION
Pursuant to § 1983 (MALICIOUS PROSECUTION)

97.    Paragraphs 1 through 96 are hereby realleged and incorporated by reference herein.

98.    That Defendants, with malicious intent, arrested Plaintiffs and initiated a criminal proceeding despite the knowledge that Plaintiffs had committed no crime.

99.    That all charges against Plaintiffs JAMES, ALLEN, ASHLEY, CAROLYN, LAWTON, ROBINSON, SANDERS, and SMITH were terminated in their favor.

100.   That there was no probable cause for the arrest and criminal proceeding.

101.   That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiffs' rights, deprived Plaintiffs of their liberty when they maliciously prosecuted them and subjected them to an unlawful, illegal and excessive detention, in violation of

their rights pursuant to the Fourth and Fourteenth Amendments of the United States
Constitution.

102. That upon information and belief, Defendants had a policy and/or custom of maliciously
prosecuting individuals despite the lack of probable cause. Thus, as a result of the above
described policies and customs, Plaintiffs were maliciously prosecuted despite the fact
that they had committed no violation of the law.

103. That upon information and belief it was the policy and/or custom of defendant CITY to
inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents
and employees, thereby failing to adequately discourage further constitutional violations
on the part of their officers, staff, agents, and employees.

104. That as a result of the above described policies and customs, defendant CITY, its staff,
agents and employees of defendant CITY believed that their actions would not be
properly monitored by supervisory officers and that misconduct would not be
investigated or sanctioned, but would be tolerated.

105. That the above described policies and customs demonstrate a deliberate indifference on
the part of the policymakers of Defendant CITY to the constitutional rights of arrestees
and were the cause of the violations of Plaintiffs' rights alleged herein.

106. That in so acting, Defendant CITY abused its power and authority as policymaker of the
NYPD under the color of State and/or local law.

107. That upon information and belief, in 2014, Defendant CITY had a policy or routine
practice of alleging facts against persons for the purpose of charging crimes they did not
commit.

108.   That by reason of the foregoing, Plaintiffs suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## VIII. FOURTH CAUSE OF ACTION
### Pursuant to State Law (MALICIOUS PROSECUTION)

109.   Paragraphs 1 through 108 are hereby realleged and incorporated by reference herein.

110.   That Defendants acted with malicious intent, arrested Plaintiffs and initiated a criminal proceeding despite the knowledge that Plaintiffs had committed no crime.

111.   All charges against Plaintiffs JAMES, ALLEN, ASHLEY, CAROLYN, LAWTON, ROBINSON, SANDERS, and SMITH have been dismissed.

112.   That there was no probable cause for the arrest and criminal proceedings.

113.   That by reason of Defendants acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiffs' rights, deprived Plaintiffs of their liberty when they maliciously prosecuted them in violation of the Laws of the State of New York.

114.   That by reason of the foregoing, Plaintiffs suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity.  All of said injuries may be permanent.

## IX. FIFTH CAUSE OF ACTION
### Pursuant to § 1983 (DENIAL OF FAIR TRIAL)

115.   Paragraphs 1 through 115 are hereby realleged and incorporated by reference herein.

116.   By fabricating evidence, defendants violated Plaintiffs' constitutional right to a fair trial.

117.   Defendants were aware or should have been aware of the falsity of the information used to prosecute plaintiff.

118.   As a result of the above constitutionally impermissible conduct, Plaintiffs were caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

## X. <u>SIXTH CAUSE OF ACTION</u>
### Pursuant to §1983 (FAILURE TO INTERVENE)

119.   Paragraphs 1 through 119 are hereby realleged and incorporated by reference herein.

120.   That Defendants failed to intervene when Defendants knew or should have known that Plaintiffs' constitutional rights were being violated.

121.   That Defendants had a realistic opportunity to intervene on behalf of Plaintiffs, whose constitutional rights were being violated in their presence.

122.   That a reasonable person in the Defendants' position would know that Plaintiffs' constitutional rights were being violated.

123.   That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiffs' rights, deprived Plaintiffs of their liberty when they failed to intervene to protect them from Defendants' violation of Plaintiffs' civil rights pursuant to Fourteenth Amendment of the United States Constitution.

124.   That upon information and belief, Defendants had a policy and /or custom of failing to intervene to protect citizens from violations of civil rights by police officers. Thus, as a result of the above described policies and customs, Plaintiffs were not protected from Defendants' unconstitutional actions.

17

125.    That upon information and belief it was the policy and/or custom of defendant CITY to

inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents

and employees, thereby failing to adequately discourage further constitutional violations

on the part of their officers, staff, agents, and employees.

126.    That as a result of the above described policies and customs, defendant CITY, its staff,

agents and employees of defendant CITY believed that their actions would not be

properly monitored by supervisory officers and that misconduct would not be

investigated or sanctioned, but would be tolerated.

127.    That the above described policies and customs demonstrate a deliberate indifference on

the part of the policymakers of defendant CITY to the constitutional rights of detainees

and were the cause of the violations of Plaintiffs' rights alleged herein.

128.    That in so acting, defendant CITY abused its power and authority as policymaker of the

NYPD under the color of State and/or local law.

129.    That by reason of the foregoing, Plaintiffs suffered physical and psychological injuries,

traumatic stress, mental anguish, economic damages including attorney's fees, damage to

reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## XI.  SEVENTH CAUSE OF ACTION
### Pursuant to State Law (RESPONDEAT SUPERIOR)

130.    Paragraphs 1 through 129 are hereby realleged and incorporated by reference herein.

131.    That Defendants were acting in furtherance of the duties owed to their employer,

defendant CITY.

132.    That at all times Defendants were acting within the scope of their employment.

133.    That Defendant CITY was able to exercise control over Defendants activities.

134.    That Defendant CITY is liable for Defendants actions under the doctrine of respondeat

superior. By reason of the foregoing, Plaintiffs suffered physical injuries, mental injuries,

emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation,

and other psychological injuries. All of said injuries may be permanent.

## XII.  EIGHTH CAUSE OF ACTION
### Pursuant to § 1983 (ILLEGAL SEARCH)

135.    Paragraphs 1 through 134 are hereby realleged and incorporated by reference herein.

136.    That Defendants searched Plaintiffs' persons and property.

137.    That Defendants' searches of Plaintiffs' persons and property were unlawful in that

Defendants did not obtain a search warrant before search Plaintiffs' person, lacked

probable cause to search Plaintiffs' persons and property, and lacked probable cause to

arrest Plaintiffs.

138.    That upon information and belief, defendant CITY has a policy and/or custom of

unlawfully searching persons.

139.    By reason of the unlawful search of Plaintiffs' persons, Defendants, acting in gross and

wanton disregard of plaintiffs' rights, deprived Plaintiffs of their privacy and property, in

violation of rights secured to him under the Fourth and Fourteenth Amendments of the

United States Constitution.

## XIII. NINTH CAUSE OF ACTION
### Pursuant to § 1983 (ILLEGAL STRIP SEARCH)

140.    Paragraphs 1 through 139 are hereby realleged and incorporated by reference herein.

141.    That Defendants, including but not limited to unknown employees of CITY, strip

searched Plaintiffs JAMES, ALLEN, LAWTON, ROBINSON, and SMITH absent a

requisite reasonable suspicion that Plaintiff was concealing weapons or contraband.

142.  That Defendants had no legally sufficient cause to strip search Plaintiffs JAMES, ALLEN, LAWTON, ROBINSON, and SMITH.

143.  That by reason of Defendants acts and omissions, Defendants acting under color of State law and within the scope of their authority, in gross and wanton disregard of Plaintiffs JAMES, ALLEN, LAWTON, ROBINSON, and SMITH's rights, subjected Plaintiffs JAMES, ALLEN, LAWTON, ROBINSON, and SMITH to an illegal strip search, in violation of their rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

144.  As a result of the above constitutionally impermissible conduct, Plaintiffs JAMES, ALLEN, LAWTON, ROBINSON, and SMITH were caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within their community.

XIV. TENTH CAUSE OF ACTION
Pursuant to State Law (ILLEGAL STRIP SEARCH)

145.  Paragraphs 1 through 144 are hereby realleged and incorporated by reference herein.

146.  That Defendants strip searched Plaintiffs JAMES, ALLEN, LAWTON, ROBINSON, and SMITH absent a requisite reasonable suspicion that Plaintiffs were concealing weapons or contraband.

147.  That Defendants had no legally sufficient cause to strip search Plaintiffs JAMES, ALLEN, LAWTON, ROBINSON, and SMITH.

148.  That by reason of Defendants acts and omissions, Defendants acting under color of State law and within the scope of their authority, in gross and wanton disregard of Plaintiffs JAMES, ALLEN, LAWTON, ROBINSON, and SMITH's rights, subjected Plaintiffs

20

JAMES, ALLEN, LAWTON, ROBINSON, and SMITH to an illegal strip search

violation of the Fourth and Fourteenth Amendments of the United States Constitution and

the laws of the State of New York.

149.    As a result of the above constitutionally impermissible conduct, Plaintiffs JAMES,

ALLEN, LAWTON, ROBINSON, and SMITH were caused to suffer personal injuries,

violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear,

humiliation, loss of freedom and damage to his reputation and standing within his

community.

XV. <u>ELEVENTH CAUSE OF ACTION</u>
Pursuant to State Law (CONVERSION/PROPERTY DAMAGE)

150.    Paragraphs 1 through 149 are hereby realleged and incorporated by reference herein.

151.    On or about March 12, 2014, Defendants took property from Plaintiffs ALLEN,

ASHLEY, and CAROLYN's possession and converted it to their own use and/or

damaged the property.

152.    That by reason of the foregoing, Plaintiffs ALLEN, ASHLEY, and CAROLYN suffered

physical injuries, mental injuries, emotional injuries, economic injury, trauma,

humiliation, terror, damage to reputation, and other psychological injuries. All of said

injuries may be permanent.

XVI. <u>TWELVTH CAUSE OF ACTION</u>
Pursuant to §1983 (EXCESSIVE FORCE)

153.    Paragraphs 1 through 152 are hereby realleged and incorporated by reference herein.

154.    That the incident that resulted from the intentional application of physical force by

Defendants constituted a seizure. That the use of excessive force in effectuating the

seizure was unreasonable under the circumstances.

155. That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiffs' arrest.

156. That Defendants violated Plaintiffs' Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against her.

157. That at the time of the arrest or while in custody, Plaintiffs did not pose a threat to the safety of the arresting officers.

158. That Plaintiffs were not actively resisting arrest or attempting to evade arrest.

159. That defendant CITY, through its officers, agents, and employees, unlawfully subjected Plaintiffs to excessive force while effectuating her arrest.

160. That Defendant's actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

161. That by reason of Defendants acts and omissions, acting under color of state law and within the scope of her authority, in gross and wanton disregard of Plaintiffs' rights, subjected Plaintiffs to excessive force while effectuating their arrest, in violation of their rights pursuant to the Fourth and Fourteenth Amendments of the Untied States Constitution.

162. That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of Plaintiffs' civil rights, including but not limited to the right to be free from the application of excessive force.

163. That upon information and belief, in 2014, Defendants and CITY had a policy or routine practice of using excessive force when effectuating arrests.

164. That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and

employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

165.   That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

166.   That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiffs' rights alleged herein.

167.   By reason of the foregoing, Plaintiffs suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries.  All of said injuries may be permanent.

XVII.  THIRTEENTH CAUSE OF ACTION
Pursuant to State Law (Assault and Battery)

168.   Paragraphs 1 through 167 are hereby realleged and incorporated by reference herein.

169.   That Defendants intended to cause harmful bodily contact to Plaintiffs LAWTON, ROBINSON, and SMITH.

170.   That defendant Defendants, in a hostile manner, voluntarily caused Plaintiffs LAWTON, ROBINSON, and SMITH'S injuries.

171.   That Defendants' contact with Plaintiffs LAWTON, ROBINSON, and SMITH constituted a battery in violation of the laws of the State of New York.

172.   That by reason of the foregoing, Plaintiffs LAWTON, ROBINSON, and SMITH suffered physical injuries,  mental injuries, emotional injuries, economic injury, trauma,

humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

XVIII.  FOURTEENTH CAUSE OF ACTION
Pursuant to §1983 (DUE PROCESS VIOLATION/FOURTH AMENDMENT RIGHTS)

173.   Paragraphs 1 through 172 of this complaint are hereby realleged and incorporated by reference herein.

174.   That Defendants entered CAROLYN's property apartment forcefully, without a warrant or legal basis to do so.

175.   That said forced entry into CAROLYN's apartment was made without exigent circumstances.

176.   That said warrantless entry constituted a search and seizure of CAROLYN's private property and violated CAROLYN's rights.

177.   By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of CAROLYN's rights, searched and seized CAROLYN's personal property without providing due process under the law, in violation of the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

178.   By reason of the foregoing, CAROLYN suffered mental injuries, economic injury, deprivation of property, liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, Plaintiffs have suffered and will continue to suffer, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other

24

non-pecuniary losses. Plaintiffs have further experienced severe emotional and physical distress.

WHEREFORE, Plaintiffs respectfully request that judgment be entered:

1.   Awarding Plaintiffs compensatory damages in a full and fair sum to be determined by a jury;

2.   Awarding Plaintiffs punitive damages in an amount to be determined by a jury;

3.   Awarding Plaintiffs interest from March 12, 2014;

4.   Awarding Plaintiffs reasonable attorneys' fees pursuant to 42 USC §1988; and

5.   Granting such other and further relief as to this Court deems proper.


DATED:      Brooklyn, New York
            October 16, 2015

                                        _____
                                        DAVID A. ZELMAN, ESQ.
                                        (DZ 8578)
                                        612 Eastern Parkway
                                        Brooklyn, New York 11225
                                        (718)604-3072